PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. HUBER, | ) | |
| | ) | CASE NO. 4:15CV00915 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BETTY McDONOUGH, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Joseph A. Huber is a state inmate incarcerated in the Ohio State Penitentiary. ECF No. 1 at PageID#: 3. On May 8, 2015, Plaintiff filed this *in forma pauperis* civil rights action, pursuant to 42 U.S.C. §1983, against Correctional Officers Niemi and Chalke, Unit Sergeant Michael Franklin, and Unit Manager Betty McDonough. ECF No. 1. In his complaint, Plaintiff alleges Defendants violated his constitutional rights by ignoring his complaints regarding unsanitary showers. ECF No. 1. For the reasons stated below, Plaintiff's action is dismissed.

### Allegations

Plaintiff alleges Officers Niemi and Chalke are the "regular officers" working in Unit B-6 of the prison, and are responsible for selecting porters (i.e., inmates) to clean the showers, and for making daily unit inspections. ECF No. 1 at PageID#: 5. According to Plaintiff, the officers refused to let porters out of their cells to clean, after they became aware of a scheme involving certain inmates. ECF No. 1 at PageID#: 4. Plaintiff alleges these inmates would purposely sully

(4:15CV00915)

the showers in an effort "to force [the officers] to let a[n] inmate out to clean[,] so the inmate could also pass items from cell to cell." ECF No. 1 at PageID#: 4.  Plaintiff alleges that as a result of the officers' refusal to release a porter to clean, the showers in Unit B-6 were not cleaned "for days" at a time, subjecting inmates to extremely unsanitary conditions.  ECF No. 1 at PageID#: 4.

Plaintiff alleges he informed Defendants about the unsanitary shower conditions multiple times between late October and early December 2014, but the problems were not corrected.  ECF No. 1 at PageID#: 7.  According to Plaintiff, after he informed Officers Niemi and Chalke of the conditions, he also "sent a couple [K]ites [(*i.e.*, written requests)]" to Unit Sergeant Franklin, but no one took any corrective action.  ECF No. 1 at PageID#: 5.  Plaintiff alleges that on November 2, 2014, he began contacting the acting Unit Manager, Betty McDonough.  ECF No. 1 at PageID#: 5.  Plaintiff claims he was repeatedly told that McDonough was handling the problem, yet the problem was not corrected.  ECF No. 1-5 at PageID#: 56.  Plaintiff alleges the porters did not satisfactorily clean the showers or obtain proper chemicals to do so, and that the showers were cleaned only three to four times over the course of a 42-day span, between October 24, 2014 and December 15, 2014.  ECF No. 1 at PageID#: 7.

Plaintiff filed a grievance regarding the shower conditions on November 17, 2014.  ECF No. 1-2 at PageID#: 26.  On December 15, 2014, his grievance was granted.  ECF No. 1-2 at PageID#: 26.  The grievance disposition states that although McDonough responded to Plaintiff's Kites and informal complaints by stating that appropriate action was being taken, no unit staff could verify that appropriate corrective steps had actually taken place.  ECF No. 1-2 at PageID#:

2

(4:15CV00915)

26. As a result, the deputy warden and new unit manager were contacted to ensure that the shower cleaning problem was rectified. ECF No. 1-2 at PageID#: 26.

In his complaint, Plaintiff seeks monetary damages from Defendants, pursuant to 42 U.S.C. § 1983, "for the pain and suffering" he experienced as a result of the unsanitary shower conditions. ECF No. 1 at PageID#: 9. Specifically, Plaintiff alleges use of the unsanitary showers caused him to contract a foot fungus that required daily treatments from December 2014 through April 2015, and resulted in five months of "daily non[-]stop itching [and] scratching" that caused "scars on [his] body." ECF No. 1 at PageID#: 9.

**Standard of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires a district court to dismiss any prisoner action brought with respect to prison conditions under federal law, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010); 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), to survive dismissal under §§ 1915(e)(2)(B), 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

3

(4:15CV00915)

In order to state a claim under § 1983, a plaintiff must allege and show that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of state law. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

**Discussion**

Although Plaintiff does not allege violation of a specific constitutional provision in his complaint, the Court liberally construes the complaint as alleging a conditions-of-confinement claim under the Eighth Amendment. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (noting that in a *pro se* action, a federal court must construe the petitioner's "inartful pleading" liberally (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). The Eighth Amendment's prohibition against cruel and unusual punishment may be implicated where a prisoner's "conditions of confinement" involve "deprivations of essential food, medical care or sanitation," or "other conditions intolerable for prison."[1] *Flanory*, 604 F.3d at 253 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes,* 452 U.S. at 347, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (citation omitted).

It is well-settled that the Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Only "extreme deprivations" are sufficient to make out a conditions-of-confinement claim under the Eighth Amendment. *Hudson*, 503 U.S. at 9. Federal

---

[1]Plaintiff does not allege he was denied adequate medical care.

4

(4:15CV00915)

courts have routinely held that dirty prison showers causing a prisoner to suffer itching, scratching, rashes, or athlete's foot are insufficiently serious to form the basis of an Eighth Amendment claim. *See, e.g.,* McCarty v. McGee, No. 2:06 CV 113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."); Rogers v. Allen County Jail, No. 1: 06 CV 139, 2006 WL 1441092, at *2 (N. D. Ind. May 25, 2006) (holding that a prisoner's "athlete's foot" caused by "[s]haring a dirty shower" with other prisoners was "inconvenient or uncomfortable," but "[did] not constitute a serious medical need" nor a "denial of the minimal civilized measure of life's necessities"); Partak v. Behrle, No. 09 CV 1256, 2011 WL 7629500, at *17 (N.D.N.Y. Sept. 12, 2011) ("[T]he shower drain being clogged for three days is unpleasant, inconvenient, and even if plaintiff got athletes foot as a result, does not rise to the level of a denial . . . sufficient to violate the Eighth Amendment.") (report & rec. adopted, Partak v. Behrle, No. 09 CV 1256, 2012 WL 1037950 (N.D.N.Y. Mar. 27, 2012)).

Therefore, even when Plaintiff's complaint is liberally construed, it is insufficient to allege a plausible § 1983 claim. The conditions in the shower that caused Plaintiff to suffer a foot fungus and "daily non-stop itching and scratching" – though admittedly unpleasant – do not constitute the kind of extreme deprivation required to sustain a cognizable conditions-of-confinement claim under the Eighth Amendment.

(4:15CV00915)

## Conclusion

Accordingly, Plaintiff's action is dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A. Plaintiff's motion for appointment of counsel (ECF No. 4) is denied. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| October 30, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |